

*United States Attorney*
*District of New Jersey*
*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*                    *(973) 645 2700*

**Vikas Khanna**
*Attorney for the United States*
*Acting Under Authority of 28 U.S.C. § 515*

March 1, 2022

Christopher D. Adams, Esq.
Greenbaum, Rowe, Smith & Davis LLP
331 Newman Springs Road, Suite 122
Red Bank, NJ 07701
99 Wood Avenue South
Iselin, NJ 08830
75 Livingston Avenue
Roseland, NJ 07068
cadams@greenbaumlaw.com

Re:  <u>Plea Agreement with Aaron L. Northern</u>

Dear Mr. Adams:

This letter sets forth the plea agreement between your client, Aaron L. Northern ("Northern"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on **March 17, 2022** if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Northern to a one-count Information that charges him with bank fraud conspiracy contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349. If Northern enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Northern for the conduct described in the Criminal Complaint Mag. No. 20-12414, for the fraudulent checks deposited into his bank accounts, or for aggravated identity theft arising from the conduct described in Mag. No. 20-12414. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Northern agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Northern may be commenced against him, notwithstanding the expiration of the limitations period after Northern signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1349 charged in the Information to which Northern agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine of $1,000,000.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Northern is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Northern ultimately will receive.

Further, in addition to imposing any other penalty on Northern, the sentencing judge: (1) will order Northern to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Northern to pay restitution pursuant to 18 U.S.C. § 3663A; (3) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (4) pursuant to 18 U.S.C. § 3583, may require Northern to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Northern be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Northern may be sentenced to not more than 3 years imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Northern agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying such offense, as determined by the Court. Northern agrees that this restitution shall include losses caused as a result of the fraudulently deposited checks deposited into his accounts, namely: (1) the check deposited on or about September 12, 2018, in the amount of $9,800; (2) the check deposited on or about September 18, 2018, in

- 2 -

the amount of $9,750; (3) the check deposited on or about September 24, 2018, in the amount of $9,800; (4) the check deposited on or about September 25, 2018, in the amount of $15,050; and (5) the check deposited on or about September 27, 2018, in the amount of $9,800.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Northern by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Northern's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Northern agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Northern from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Northern waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

Northern agrees that as part of his acceptance of responsibility and pursuant to pursuant to 18 U.S.C. §§ 982(a)(2), 981(a)(1)(C), and 28 U.S.C. § 2461(c), he will consent to the entry of a forfeiture money judgment as described below. All payments will be made by certified or bank check made payable to the United States Marshals Service with the criminal docket number noted on the face of the check. Northern will cause that check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

Northern will consent to the entry of a forfeiture money judgment in an amount to be determined by the Court (the "Forfeiture Money Judgment"). If the Forfeiture Money Judgment is not paid on or before the date Northern enters his plea of guilty pursuant to this agreement, interest shall accrue from that date on any unpaid portion thereof at the rate and in accordance with the procedures set forth in 28 U.S.C. § 1961(a) and (b). Furthermore, if Northern fails to pay any portion of the Forfeiture Money Judgment on or before the date of Northern's guilty plea, Northern consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Northern agrees to consent to the entry of orders of forfeiture and Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Northern understands that the forfeiture and the Forfeiture Money are part of the sentence that may be imposed in this case and waives any failure by the court to advise his of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, Northern waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

- 4 -

## Immigration Consequences

Northern understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Northern understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Northern wants and agrees to plead guilty to the charged offenses, knowing that this plea will result in his removal from the United States. Northern wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Northern understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Northern waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office may bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Northern. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Northern.

No provision of this agreement shall preclude Northern from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Northern received constitutionally ineffective assistance of counsel.

- 5 -

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Northern and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

VIKAS KHANNA
Attorney for the United States
Acting Under Authority of
28 U.S.C. § 515

Jamie L. Hoxie
Assistant U.S. Attorney

APPROVED:

OSMAR J. BENVENUTO
Deputy Chief, Criminal Division

- 6 -

I have received this letter from my attorney, Christopher Adams, Esq. I have read it, and my attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                    Date: 3/29/22
AARON L. NORTHERN

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                    Date: 3/29/22
Christopher Adams, Esq.

- 7 -

## Schedule A of Plea Agreement with Aaron L. Northern

1. This Office and Northern recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Northern nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Northern within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Northern further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective April 15, 2021 applies in this case.

3. The applicable guideline is U.S.S.G. § 2B1.1 because the statutory offense is bank fraud conspiracy in violation of Title 18, United States Code, Section 1349.

4. Under U.S.S.G. § 2B1.1(a)(1), the base offense level is 7.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(D) applies because the relevant loss amount is more than $40,000 but not more than $95,000. This results in an increase of 6 levels.

6. As of the date of this letter, Northern has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Northern's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Northern has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Northern's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Northern enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Northern's acceptance of responsibility has continued through the date of sentencing and Northern therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Northern's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to Northern is 11 (the "agreed total Guidelines offense level").

9.  The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

10.  Northern knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

- 9 -